# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ANTHONY BOYCE,

                Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,

                Defendant.

Case Number  15-cv-7580

Judge Amy J. St. Eve

## REPLY IN SUPPORT OF DEFENDANT'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, WEXFORD HEALTH SOURCES, INC. ("Wexford"), by and through its attorneys, Matthew H. Weller and Joseph J. Lombardo of CASSIDAY SCHADE LLP, and for its Reply in Support of its Fed. R. Civ. P. 56 Motion for Summary Judgment, states as follows:

### I.  Introduction

In response to Wexford's Motion for Summary Judgment, Supporting Memorandum, and Defendant's Statement of Undisputed Material Facts Pursuant To Local Rule 56.1(a)("SOF") (Court Docs. #90-92, respectively), Plaintiff, ANTHONY BOYCE ("Plaintiff" or "Boyce"), filed one large document with several different sections. (*See* Court Doc. #95). However, the document Plaintiff filed in response to Wexford's Motion for Summary Judgment fails to adhere to the requirements of the Federal Rules of Civil Procedure and Local Rule ("LR") 56.1 in several different respects. Furthermore, to the extent that Plaintiff's responsive document is considered by the Court, Boyce has categorically failed to establish that there are any disputed material facts regarding the arguments asserted in Wexford's Motion for Summary Judgment. As such, Wexford is entitled to summary judgment as a matter of law.

## II. <u>Argument</u>

**A. Plaintiff's Response to Defendants' Statement of Material Facts and Legal Briefs Fail to Comply with LR 56.1**

*1. <u>Plaintiff's Response to Defendant's Statement of Material Facts Pursuant to LR 56.1(a)</u>*

LR. 56.1(b)(3)(B) sets forth the requirements of a non-moving party responding to a movant's statement of material facts pursuant to LR 56.1 (a)(3). In this regard, LR. 56.1(b)(3)(B) states in pertinent part:

"(3) a concise response to movant's statement shall contain:

(B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon…" *LR. 56.1 (b)(3)(B)*.

Thus, the Northern District disregards Local Rule 56.1 responses that do not cite specific portions of the record or that contain irrelevant information, legal arguments, conjecture, or evasive denials. *See Id.*; *see also Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006); *Bordelon v. Chi. Reform Bd. of Trs.*, 233 F.3d 524, 528 (7th Cir. 2000); *Flores v. Giuliano*, No. 12 C 162, 2014 WL 3360504, at *2 (N.D. Ill. July 9, 2014); *Bennett v. Unitek Global Serv., LLC*, No. 10 C 4968, 2013 WL 4804841, at *3 (N.D. Ill. Sept. 9, 2013).

"District courts are entitled to expect strict compliance with Rule 56.1." *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) (citing N.D. Ill. L.R. 56.1(b)(3)(C)). A plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). This principle holds especially true for Boyce because he is an experienced *pro se* litigant, as this action is one of ten lawsuits Boyce has filed in this District about the conditions of his confinement at Stateville[1]. *See Boyce v.*

---

[1] Furthermore, Plaintiff should have been put on notice of the deficiencies in his response to Defendants' Motion for Summary Judgment because similar deficiencies were noted by the Court in its opinions denying summary judgment in Boyce's other cases.

*Godinez*, No. 12 C 3840; *Boyce v. Gray*, No. 13 C 2967; *Boyce v. Carter*, No. 12 C 5372; *Boyce v. Obaisi*, No. 13 C 5746; *Boyce v. Martella*, No. 13 C 6526; *Boyce v. Johnson*, No. 6832; and *Boyce v. Doe*, No. 14 C 418; *Boyce v. Sangster,* No 15-cv-9268.

Here, Plaintiff attempted to respond to Defendant's SOF (SOF at Court Document #92) in Court Document #95, pages 6 to 11. However, in those instances in which Plaintiff "denies" Wexford's factual assertions, his response fails to comply with LR. 56.1(b)(3)(B).

To this end, Boyce responds to Defendant's SOF ¶¶ 12-36, 9-43, and 48-58 by simply "objecting" on the basis that there is "no declaration in support. The attorney is attempting to testify for Defendant." (Court Doc. #95 at page 9-11). However, Boyce cannot create genuine issues of material fact by relying upon legal arguments which do not constitute "facts." *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008); *see also Almy v. Kickert Sch. Bus Line, Inc*., No. 08-cv-2902, 2013 WL 80367, at *2 (N.D. Ill. Jan. 7, 2013) ("[C]ourts are not required to 'wade through improper denials and legal arguments in search of a genuinely disputed fact.'")(quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs*., 233 F.3d 524, 529 (7th Cir. 2000)).

Moreover, the legal argument supporting Plaintiff's objection regarding the requirement of a declaration to support a statement of fact is incorrect. To this end, LR 56.1(a) states: "The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." There is no requirement in LR 56.1 that requires a movant to support all of its statements of fact with an affidavit or declaration. Here, the statements of fact that Plaintiff's objects to, ¶¶ 12-36, 9-43, and 48-58, are supported by documentary evidence, specifically portions of Plaintiff's medical records and grievances.

(*See* SOF at ¶¶ 12-36, 9-43, and 48-58). As such, based upon the clear and unequivocal language of LR 56.1(a), the portion of Wexford's SOF that is supported by documentary evidence is properly before the Court. Consequently, because Plaintiff relies upon erroneous objections rather than admissible evidence in his response to SOF ¶¶ 12-36, 9-43, and 48-58, those facts should be deemed admitted.

Furthermore, in his response to SOF ¶¶ 6-9, Plaintiff bases his denials on the flawed reasoning that Wexford's representative who provided a Declaration in support of Wexford's Motion for Summary Judgment, Saleh Obaisi, M.D. ("Dr. Obaisi"), "never mentions who he is talking about in his Declaration." (Court Doc. #95 at pages 6-8). However, SOF ¶¶ 6-9 constitute general information regarding Plaintiff's alleged medical condition and Dr. Obaisi's opinions regarding the standard of care for said conditions. (*See* SOF ¶¶ 6-9). LR 56.1 does not preclude statements of fact concerning generalities. Thus, Plaintiff's responses to SOF ¶¶ 6-9 do not constitute proper denials. In addition, Plaintiff challenges Dr. Obaisi's statements and opinions on the basis that they are "outside the level of his expertise." (Court Doc. #95 at pages 6-8). However, Plaintiff fails to explain how a physician that has been practicing for over forty years is unqualified to give general information and opinions regarding common and benign conditions such as acid reflux and Irritable Bowel Syndrome ("IBS"). Therefore, based upon Plaintiff's factually unsupported and evasive denials, Wexford's SOF ¶¶ 6-9 should be deemed admitted pursuant to LR 56.1(b)(3)(C).

2. *Plaintiff's Responsive Briefs to Movants' Motion for Summary Judgment Fail to Comply with LR 56.1*

As with his response to Defendant's SOF, as well as his own attempt to add additional facts to the evidentiary record before the Court, Plaintiff's legal briefs in response to Defendant's Motion for Summary Judgment and Supporting Memorandum also fail to comply with LR 56.1.

In this regard, "facts submitted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion." *Beard v. Don McCue Chevrolet, Inc.*, No. 09 C 4218, 2012 WL 2930121, at *5 (N.D. Ill. July 18, 2012). Here, Boyce attempts to submit additional facts through his legal briefs. (*See, e.g.,* Court Doc. #95 at pages 27-31). However, Plaintiff fails to cite to his LR 56.1 Statement of Additional Material Facts[2] in support of those factual assertions. In fact, for the majority of the factual assertions contained in his legal briefs, there is no citation at all. *See Id.*

In the few instances in which Plaintiff attempts to cite to the "evidentiary" record, he cites to his "Declaration." (Plaintiff's "Declaration" at Court Document #95 at pages 12-19). However, Boyce's "Declaration" is merely a speculative, and at sometimes indecipherable, narrative. To this end, in his "Declaration", Plaintiff attempts to create a genuine issue of material fact by providing his version of events (*See e.g.,* Court Doc. #95 at page 13, ¶ 4 ("all staff members that treated pliff acknowledge pliff was receiving inadequate care…"). However, Plaintiff's self-serving and conclusory "version of the events" is merely conjecture and speculation, and is completely unsupported by the documentary evidence (i.*e.*, the medical records). Boyce cannot create genuine issues of material fact by relying upon legal arguments, conclusions or supposition which do not constitute "facts." *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008); *see also Almy v. Kickert Sch. Bus Line, Inc.*, No. 08-cv-2902, 2013 WL 80367, at *2 (N.D. Ill. Jan. 7, 2013) ("[C]ourts are not required to 'wade through improper denials and legal arguments in search of a genuinely disputed fact.'") (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.

---

[2] As further detailed in Wexford's introduction and objections to "Plaintiff's Additional Set of Material Genuine Fact" (filed simultaneously with this Reply), based upon his failure to comply with LR 56.1(b)(3)(C), Plaintiff has failed to properly assert any additional facts into the evidentiary record for the purpose of this Motion.

2000)). Consequently, because his "Declaration" consists of self-serving, conclusory arguments rather than provable factual issues, it should not be considered by the Court.

Furthermore, Plaintiff's "Declaration" lacks credibility. By way of example, in Paragraph 6 of his "Declaration", Boyce conjures a conversation between him and his treating otolaryngologist from the University of Illinois at Chicago Medical Center ("UIC"), Judy Liu, M.D. ("Dr. Liu"), in which said physician apparently advised him that she was not qualified to treat him for his alleged medical condition, and that he needed to be seen by a "stomach specialist." (Court Doc. #95 at page 14, ¶ 6). However, this conversation is not mentioned in any of Plaintiff pleadings, nor is it noted in Dr. Liu's medical record. (*See* SOF at ¶ 37 and Exhibit 3, pages 48-50). In fact, it is undisputed Dr. Liu did not make any recommendations for Boyce to be evaluated by another physician, such as a gastroenterologist. (*See* Plaintiff's Admission to Defendant's SOF ¶ 37 at Court Doc, #95, page 10). As such, because Plaintiff's "Declaration" is directly contradicted by the documentary evidence in this case, it should not be considered for the purpose of summary judgment. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007)(holding "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Lastly, in his "Declaration", Plaintiff vaguely references three ancillary matters that have nothing to do with the present matter: a) the expert witness in a case currently pending in the Northern District, *Lippert v. Godinez*, Case No. 13-cv-3656 (the "Lippert Report"), b) the jury award in the "Fox civil suit", and c) "Wexford's wrap sheet" located on the internet. (Court Doc. #95 at pages 38-39). As further stated above, these matters were not properly submitted to the Court pursuant to LR 56.1, and should not be considered for the purpose of the present Motion.

This holds especially true because Plaintiff did not even include the actual reports in his Response; but instead, just simply alluded to them in his a self-serving manner. However, even if they were properly before the Court, they are still inadmissible.

In this regard, "summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact." *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010) This Court has already found that inadmissible hearsay, such as the "Lippert Report" and the "Wexford wrap sheet" cannot be used by an inmate in opposition to a summary judgment motion filed by Wexford. To this end, in *Diaz v. Chandler*, 2016 U.S. Dist. LEXIS 35450 (N.D. Ill. Mar. 18, 2016), defendants moved to strike references to the *Lippert Report* contained in the plaintiff's LR 56.1 statement of additional facts. *Diaz* at \*38. As a threshold matter, the Court determined that "[w]ithout testimony…the report is likely inadmissible unless the court can take judicial notice of it." *Id.* at \*38-39. The Court then went through the analysis for determining whether it could take judicial notice of the *Lippert Report*, and found that it could not.[3] *Id.* at 39-41. In holding the *Lippert Report* was not to be considered in determining whether defendants were entitled to summary judgment, the Court held:

---

[3] "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id. citing General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)). Furthermore, even materials generally determined to be from reliable sources are not judicially noticeable, as "Rule 201 of the Federal Rules of Evidence makes facts of which judicial notice is properly taken conclusive, and therefore requires that their accuracy be indisputable for judicial notice to be taken of them. . . . There is a high standard for taking judicial notice of a fact, and a low standard for allowing evidence to be presented in the conventional way, by testimony subject to cross-examination[.]" *Id. citing Rowe v. Gibson*, 798 F.3d 622, 629 (7th Cir. 2015) (noting that internet research to even "reputable medical websites" could not be judicially noticed).

"the *Lippert Report* is an authored report of unknown reliability prepared for another case. As such, it is not the type of evidence "not subject to reasonable dispute" and thus the court will not take judicial notice of it. Moreover, the report is not even particularly relevant to the court's summary judgment determination here because it does not address whether the specific defendants in this case were deliberately indifferent." *Id.* at *40-41

Courts in the Northern District have similarly refused to consider a report authored by "prison watchdog group", the John Howard Association, in instances where it is cited by inmates opposing summary judgment. *See, e.g., Gray v. Hardy*, 2013 WL 5433280 *18-19 at fn. 6 (N.D. Ill. Sept. 30, 2013)(holding that the JHA Report "is insufficient to defeat summary judgment to the extent that it relies on the hearsay statements of unnamed third parties. Further, the JHA report, as Defendant points out, refers to Stateville's conditions generally, not to Plaintiff's cell in particular, and there is no evidence that Defendant was aware of any of the conditions described in the report."); *see also Allen v. Hardy*, 2012 U.S. Dist. LEXIS 156163, *15-16 (N.D. Ill. Oct. 26, 2012)(holding that the JHA Report was inadmissible hearsay, and could not "be used by plaintiff to defeat summary judgment."). Thus, based upon well-established legal precedent in the Northern District, it is evident that Plaintiff cannot rely on either the *Lippert Report* or the "Wexford wrap sheet" to defeat summary judgment, as they constitute inadmissible hearsay and are not subject to judicial notice.

Moreover, the Plaintiff attempts to rely on a purported jury award in the "Fox civil suit" against Wexford. However, Plaintiff has not provided any information as to how the facts of that case are applicable to the present matter. Instead, Boyce just makes a conclusory assertion that if a jury found that Wexford is liable in some other case, he has proven his case against Wexford in the present matter. Clearly, this reference to a supposed jury verdict in another case is irrelevant

to the present matter, and should not be considered by the Court as either a part of the evidentiary record, or as legal precedent.

**B. Plaintiff Has Not Exhausted His Administrative Remedies Against The Defendants**

As it pertains to exhaustion of administrative remedies, in his "Declaration", Plaintiff acknowledges that he never received a final determination from the Illinois Department of Corrections ("IDOC") Administrative Review Board ("ARB") regarding any of the grievances he filed pertaining to this matter. (Court Doc. #95 at page 18, ¶ 12). Notwithstanding, Boyce argues "(1) the Def[endant] have waived the [exhaustion] argument due to the fact they didn't produce Declaration in support (2) you don't need a final determination for grievance." (Court Doc. #95 at page 20, ¶ 6). However, both of Plaintiff's contentions are misguided.

As to Plaintiff's first argument, as further described in the preceding section, statements of fact supported by documentary evidence do not require supplemental support from a Declaration to comply with LR 56.1(a). Because SOF ¶¶ 48-58 are supported by uncontroverted documentary evidence, specifically Plaintiff's grievances and responses from the IDOC, they comply with LR 56.1(a).

In regard to his second argument pertaining to exhaustion, Boyce relies upon the holding in another of his many cases, *Boyce v. Ill. Dep't of Corr.*, 661 Fed. Appx. 441, 441 (7th Cir. Ill. 2016), in support of his argument that he does not need a final determination from the ARB. However, Plaintiff is overextending the holding of Seventh Circuit's opinion in his other case by applying it to the present matter. To this end, in Boyce's other case, the Seventh Circuit found only that Plaintiff's allegations regarding exhaustion were sufficient to survive a judicial screening pursuant to 28 U.S.C. § 1915A. *Boyce* at 443. In fact, the Court specifically stated that they "express no opinion on…whether he did, in fact, exhaust available remedies; we conclude

only that it should not have been dismissed sua sponte at screening." *Id.* Here, there is a detailed factual record which reveals Plaintiff, by his own admission, did not receive a final determination from the ARB because he failed to follow the proper grievance procedures of the IDOC. (SOF at ¶¶ 48-58). Consequently, the Seventh Circuit's decision in Boyce's previous case does not apply to this Court's determination on summary judgment here, and Wexford is entitled to dismissal based upon Boyce's failure to exhaust his administrative remedies.

## C. Plaintiff's Deliberate Indifference Claim Is Not Meritorious

In his "Reply to Defendant Wexford Summary Judgment Motion" and his "Reply to Defendant Wexford Memorandum for Summary Judgment" (Court Doc. #95 at pages 19-25, and 26-40, respectively)(collectively referred to as Plaintiff's "Reply"), Plaintiff's scant and at sometimes indecipherable arguments seemingly indicate Boyce is of the position that Wexford is not entitled to summary judgment. However, Plaintiff's Reply does not directly address any of the issues raised by Wexford in its Motion for Summary Judgment and supporting Memorandum, nor does he cite to any legal authority that would preclude summary judgment in favor of said Defendant. Instead, Plaintiff repeats the same few erroneous arguments (all of which were anticipated by Defendant and already addressed in the Memorandum in Support of Summary Judgment) that are neither grounded in law or fact. As such, Wexford is entitled to summary judgment as a matter of law.

To this end, Plaintiff argues that there is a question of fact as to whether Wexford was deliberately indifferent because he was sent to an otolaryngologist rather than a gastroenterologist. (Court Doc. #95 at page 33). According to Plaintiff, his treating otolaryngologist advised Boyce that his alleged medical condition, which he admits is acid

reflux, was "outside her level of expertise." *Id.* Boyce's argument, which is entirely supported by his self-serving "Declaration", is problematic is several ways.

First, the otolaryngologist, Dr. Liu, did in fact diagnose Plaintiff with the medical condition at issue in this case, acid reflux[4], and prescribed him with a treatment regimen that solely consisted of Zantac, a medication that he was already receiving. SOF at ¶ 5 and ¶37. As such, Dr. Liu clearly evaluated and treated Plaintiff for the medical condition at issue in the present lawsuit. In addition, though Plaintiff contends Dr. Liu advised him that she was not qualified to treat his "stomach condition", it is undisputed that said physician did not recommend further evaluation or treatment with any other physician, including a gastroenterologist. (*See* Plaintiff's Response to Defendant's SOF ¶ 37 at Court Doc, #95, page 10). As such, this lack of a referral to another physician directly contradicts Plaintiff's version of his interaction with Dr. Liu.

In addition, Plaintiff's argument that sending him for an otolaryngology evaluation instead of a gastroenterology evaluation amounts to deliberate indifference merely constitutes Boyce's unqualified, layman's opinion. The evidentiary record is absent of qualified opinions that a gastroenterology evaluation was medically warranted. *See Walker v. Zunker*, 30 Fed Appx. 625, 628, (7th Cir. 1999)(holding that without any medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of treatment is insufficient to raise a genuine issue of material fact.) This is further supported by the fact that Dr. Liu did not make any recommendations for further diagnostic tests or further evaluation with her or any other specialists, such as a gastroenterologist. (SOF at ¶ 37). Thus, while Boyce may want a physician that would have referred him to a gastroenterologist, "he is not entitled to demand specific care."

---

[4] Plaintiff testified that the alleged medical condition that he refers to in his pleadings in this case is acid reflux. SOF at ¶ 5.

*Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007)*(*holding "an inmate's disagreement with a physician's recommended course of treatment does not constitute deliberate indifference.") ; *see also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)(holding "[m]edical decisions which are classic examples of matters for medical judgment are beyond the Eighth Amendment's purview").

Plaintiff further contends that he was sent to an otolaryngologist instead of a gastroenterologist as a cost saving measure. (Court Doc. #95 at pages 33-34). However, Boyce fails to explain how opting for one type of a specialist over another provided Wexford with a pecuniary benefit. Instead, the evidentiary record supports the conclusion that Plaintiff's prison physicians sent him to the most appropriate specialist based upon his symptoms and their objective findings. (SOF at ¶¶ 5-43). Moreover, Boyce failed to address Defendant's reliance on *Montague v. Wexford Health Sources, Inc.*, 615 Fed. Appx. 378, 379 (7th Cir. Ill. 2015). where the Seventh Circuit found "most of the outside referrals from Montague's prison (Stateville) are to the University of Illinois at Chicago, which does not charge Wexford for its services." *Montague* at 379. Because Plaintiff has failed to come forth with any evidence that his physician's decisions were based on anything other than clinical judgment, his claim against Wexford cannot survive summary judgment.

Moreover, as anticipated, Plaintiff also argues that he "wasn't given adequate care treatment known to be ineffective for money cost cutting measures." (Court Doc. #95 at pages 33-34). Specifically, Boyce is referring to his prison physicians providing him with antacid and other medication to treat his alleged condition. *Id.* However, as Dr. Obaisi opined, antacid medication and H2 blockers, such as Zantac, are the standard of care for treating acid reflux and IBS. (SOF at ¶¶ 8-9). This is further confirmed by Dr. Liu's recommendation to continue using

Zantac, the medication Boyce was receiving prior to his evaluation at UIC. (SOF at ¶ 37). Thus, as in *Verser v. Ghosh,* 925 F. Supp. 2d 1028 (N.D. Ill. 2013)[5], there is nothing in the evidentiary record to suggest that the medications the prison physicians provided to Plaintiff were unreasonable. Specifically, Boyce has not presented any medical evidence that that even remotely indicates that the medications provided to him were a substantial departure from professionally accepted standards. *See Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001)(A plaintiff must have such "verifying medical evidence" where the deliberate indifference claim is based on the alleged failure to treat a condition adequately.) Becayse the only medical evidence in this case suggests that the prison physicians' treatment of Plaintiff's alleged abdominal issues with medication was based on medical judgment rather than a consideration of costs, there can be no underlying claim of deliberate indifference.

Lastly, Plaintiff argues that Wexford violated his Eighth Amendment rights because it "knew or should've known in either way condoning misconduct of subordinates." (Court Doc. #95 at page 37). However, this argument amounts to a *respondeat superior* claim against Wexford rather than a policies and practice claim pursuant to *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91(1978). Because *respondeat superior* liability is not available in a claim made pursuant to § 1983, this argument fails as a matter of law. *Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996).

---

[5] *Verser* is described in far greater detail in Defendant's Memorandum of Law. (Court Doc. #91 at pages 8-10).

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that this Court enter an Order granting its Motion for Summary Judgment, dismissing this suit with prejudice, and granting any other relief this Court deems just and appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ *Joseph J. Lombardo*
      One of the Attorneys for Defendant,
      WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller/ ARDC No. 6278685
Joseph J. Lombardo/ ARDC No. 6306466
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
jlombardo@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2017, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Joseph J. Lombardo*

8470984 JLOMBARD;JLOMBARD